JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MIGUEL BRAVO

**(b)** County of Residence of First Listed Plaintiff   Palm Beach
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lauren Peffer, Esq, L. Turner Law, 5255 N Federal Hwy, Suite 110, Boca raton, FL 33487, (561) 300-8640

## DEFENDANTS

EDEN ISLES CONDOMINIUM INC; and CREAM MANAGEMENT AND CONSULTING. INC.

County of Residence of First Listed Defendant   Palm Beach
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Milagros Canal, Esq., Bryan Law P.A., 101 NE 3rd Ave., Ft.. Lauderdale, FL 33301 (954) 383-0303

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine     Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product     Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☒ 443 Housing/     Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other / ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 3602(l); 42 USC 3604(F)(3)(B)

Brief description of cause:
Plaintiff has been injured by defendants discriminatory housing practices.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   500,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   12/15/23

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida   ▾

| | |
|---|---|
| MIGUEL BRAVO | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| EDEN ISLES CONDOMINIUM INC.; AND CREAM MANAGEMENT AND CONSULTING SERVICES, INC. | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   EDEN ISLES CONDOMINIUM INC.
C/O REGISTERED AGENT
BASULTO ROBBINS & ASSOCIATES, LLP
14160 NW 77 COURT
SUITE #22
MIAMI LAKES, FL 33016

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: L. TURNER LAW, P.A
LAUREN PEFFER, ESQUIRE
5255 N FEDERAL HIGHWAY
SUITE 110
BOCA RATON, FL 33487

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                                    _____
                                                          _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ▾

| | | |
|---|---|---|
| MIGUEL BRAVO | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| EDEN ISLES CONDOMINIUM INC.; AND CREAM MANAGEMENT AND CONSULTING SERVICES, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CREAM MANAGEMENT & CONSULTING SERVICES, INC
C/O REGISTERED AGENT
EDGAR LAFAURIE
7431 NW 4th STREET
PLANTATION, FL 33317

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: L. TURNER LAW, P.A
LAUREN PEFFER, ESQUIRE
5255 N FEDERAL HIGHWAY
SUITE 110
BOCA RATON, FL 33487

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

**CASE NO. _____**

MIGUEL BRAVO,

        Plaintiff,

vs.

EDEN ISLES CONDOMINIUM ASSOCIATION INC.;
CREAM MANAGEMENT AND CONSULTING
SERVICES, INC,

        Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MIGUEL BRAVO, by and through his undersigned counsel, and sues Defendants, EDEN ISLES CONDOMINIUM ASSOCIATION INC., CREAM MANAGEMENT AND CONSULTING SERVICES, INC. and states as follows:

### I. NATURE OF THE ACTION

1.  This is a civil action brought pursuant to the Federal Fair Housing Act [hereafter "FHA"], 42 U.S.C. §§ 3601, *et seq.*, 42 U.S.C. § 1982, and the Florida Fair Housing Act [hereafter "FFHA"], Fla. Stat. §§ 760.20, *et seq.*, for damages and injuries arising from the Defendants, EDEN ISLES CONDOMINIUM ASSOCIATION INC. and CREAM MANAGEMENT AND CONSULTING SERVICES, INC. 's, repeated, intentional, targeted and unlawful discriminatory against Plaintiff, MIGUEL BRAVO, a person with disabilities. EDEN ISLES CONDOMINIUM ASSOCIATION INC. and CREAM MANAGEMENT AND

CONSULTING SERVICES repeatedly violated the FHA and FFHA by refusing to make reasonable accommodations for Plaintiff when such an accommodation was necessary to afford the Plaintiff an equal opportunity to use and enjoy his dwelling.

## II. JURISDICTION AND VENUE

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 *U.S.C.* §§ 3601, *et seq.*, and § 3613.

3.      Venue is proper under 28 U.S.C. § 1391(b) because the Defendant is located in this district of this Court, and the events giving rise to the Plaintiff's claims arose in this district.

## III. PARTIES

4.      Plaintiff, MIGUEL BRAVO [hereafter "MR. BRAVO" and/or "Plaintiff"], is an individual with a disability that qualifies him for the protections of the FHA and FFHA. Plaintiff resides at 3725 NE 169 St., Apt 108, North Miami Beach, Florida, 33160.

5.      Defendant, EDEN ISLES CONDOMINIUM ASSOCIATION INC. [hereafter "EDEN ISLES" and/or "Defendant"], is a Florida non-profit corporation, organized and operating pursuant to Chapter 718, Florida Statutes, with its principle place of business and current mailing address at 16975 NE 35th Ave., North Miami Beach, FL 33160, Defendant is responsible for administering and governing the housing complex where MR. BRAVO'S residence is located pursuant to its Articles of Incorporation, Declaration of Condominium and By-Laws, and its Rules and Regulations. **Exhibit A.**

**6.** Defendant, CREAM MANAGEMENT AND CONSULTING SERVICES [hereafter "CREAM MANAGEMENT" and/or "Defendant"], is a Florida for-profit corporation, organized and operating pursuant to Chapter 718, Florida Statutes, with its principle place of business and current mailing address in 7431 NW 4ᵀᴴ Street, Plantation, FL 33317, which operates as an agent on behalf of Eden Isles, and is responsible for providing professional full service management of MR. BRAVO's housing complex pursuant to its Articles of Incorporation and its Rules and Regulations. **Exhibit B.**

7.     The condominium units governed by Defendants are "dwellings" within the meaning of 42 USC § 3602(b) of the FHA, as well as § 760.22(4) of the FFHA.

8.     Defendants are subject to the anti-discrimination provisions of both the FHA and FFHA.

## IV. FACTUAL ALLEGATIONS

9.     MR. BRAVO's father purchased a condominium, located within the EDEN ISLES community, in the year 2000. **Exhibit C.**

10.     MR. BRAVO suffers from and has a history of suffering from liver failure, spinal stenosis, and a neurological disorder which makes him lose sensation in his limbs. MR. BRAVO's disabilities substantially limit one or more of his major life activities. Accordingly, MR. BRAVO has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA and Fla. Stat. § 760.22.

11.     MR. BRAVO relies upon a service support animal, a mixed breed canine named Coco, ("Service Animal"), to help him with his activities of daily living. The

Service Animal helps moderate MR. BRAVO's mood and ameliorate the symptoms of his anxiety.

12.     Defendants do not allow dogs.

13.     In or around December of 2020, MR. BRAVO requested that Defendants reasonably accommodate his disability by waiving its no-dog restriction so that MR. BRAVO could live in his unit with his Service Animal.

14.     In support of his request, MR. BRAVO provided a letter to the Defendants from Nicole Mateo, LMHC , which states in part:

> *Due to this emotional disability and particular medical conditions, he qualifies to have an emotional support animal. In order to help alleviate these difficulties and to enhance his ability to function independently, I have prescribed him to have 1 dog for emotional support.*

15.     Mr. Bravo provided a second letter from Dr. Vickki-Ann Samuel, MD. which reads in part:

> *I am intimately familiar with his history and with the functional limitations imposed by his General Anxiety Disorder and Schizoaffective, Depressive Type. Due to this emotional disability, Miguel has certain limitations coping with what would otherwise be considered normal, but significant day to day situations. I support Miguel's decision to obtain a service animal. "**Composite Exhibit D**."*

16.     The United States Department of Housing and Urban Development ["HUD"] governs the scope of inquiry a housing provider may legally make regarding a resident's disability and need to reside with an assistance animal. FHEO Notice: FHEO-2013-01, Issued April 25, 2013, Subject: Service Animals

and Assistance Animals or People with Disabilities in Housing and HUD-Funded Programs.

17.     Specifically, a housing provider may request a person seeking a reasonable accommodation "to provide documentation from a physician, psychiatrist, social worker, or other mental health professional that the animal provides service that alleviates one or more of the identified symptoms or effects of an existing disability." *Id.*

18.     Such documentation "is sufficient if it establishes that an individual has a disability and that the animal in question will provide some type of disability-related assistance or service." *Id.*

19.     On October 2, 2018, Defendants sent MR. BRAVO a letter demanding MR. BRAVO provide information that had been previously  provided. Additionally, Defendant requested information that was clearly in violation of the Fair Housing Act, and section 504 of the Rehabilitation Act.

20.     Attorney, GUY SHIR was, at all times, Defendants' authorized agent.

21.     Attorney, GUY SHIR, at all times, operated with Defendants' actual or apparent authority and communicated with Plaintiff.

22.     On October 15, 2018, Defendants denied MR. BRAVO's request for an accommodation, stating in part *"the Association has determined that the accommodation you've requested, to wit, the possession of a dog in 2400 Black Olive Blvd., # 204 is unnecessary to afford you and equal opportunity to use and enjoy the pertinent dwelling located in the Association's community."*

23.     As of this filing, Defendants have neither granted accommodation for MR. BRAVO's prescribed Service Animal nor retracted its threat to initiate legal action against MR. BRAVO if his Service Animal is not removed from the property.

24.     Defendants have been provided with credible documentation of MR. BRAVO's disability, and the nexus between the requested accommodation and MR. BRAVO's disability.

25.     Defendants have been provided information sufficient to demonstrate MR. BRAVO has a qualifying disability under the FHA.

26.     Defendants chose to disbelieve the information provided and instead demand extraneous information which Defendants are not legally entitled to demand.

27.     Defendants have threatened MR. BRAVO with fines, litigation, and attorney's fees if he does not capitulate to Defendants' unlawful demands that his Service Animal be removed from his home.

28.     Defendants' failure to modify its policies to reasonably accommodate MR. BRAVO's disability is discriminatory and unlawful.

29.     Defendants continue to intentionally, deliberately, willfully and in total and reckless disregard of MR. BRAVO's rights.

30.     MR. BRAVO has been injured by Defendants discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

31.     As a direct and proximate result of Defendants conduct, MR. BRAVO incurred attorney's fees and has suffered and continues to suffer irreparable loss

and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

32.     MR. BRAVO has retained undersigned counsel and is obligated to pay a reasonable fee for their services and seeks to recover same from Defendants herein.

33.     All conditions precedent to the Plaintiff bringing this action have occurred, or the performance of such conditions have been waived by the Defendant.

**COUNT I**
**<u>FAILURE TO REASONABLY ACCOMMODATE AGAINST DEFENDANTS</u>**

34.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-33 as if fully set forth herein.

35.     Plaintiff MR. BRAVO suffers from liver failure, spinal stenosis and a neurological disorder which makes him lose sensation in his limbs that substantially limit his major life activities.

36.     MR. BRAVO's Service Animal helps ameliorate the symptoms of his diagnosis.

37.     MR. BRAVO has a disability-related need to live with his Service Animal to have equal use and enjoyment of his condominium in EDEN ISLES.

38.     MR. BRAVO requested that Defendants waive their pet restrictions so that he may reside with his Service Animal and benefit from the dog's assistance in coping with the symptoms of his diagnosis.

39.     Defendants were provided with reliable verification of MR. BRAVO's disabilities and need to live with his Service Animal.

40.     Defendants had actual knowledge of MR. BRAVO's disability and his need to live with his dog for disability-related service.

41.     As of the date of this filing, EDEN ISLES has refused to grant MR. BRAVO's request for a waiver of Defendants rule forbidding dogs and instead threatened him with legal action and attorney's fees if he did not remove his Service Animal.

42.     Accommodating MR. BRAVO's need to reside with his Service Animal would not result in substantial physical damage to the property of others.

43.     Accommodating MR. BRAVO's need to reside with his Service Animal would not pose an undue financial and administrative burden on EDEN ISLES.

44.     Accommodating MR. BRAVO's need to reside with his Service Animal would not fundamentally alter the nature of EDEN ISLES 's operations.

45.     Accommodating MR. BRAVO's need to reside with his Service Animal would not pose a direct threat to the health and safety of others.

46.     Defendants' failure to waive its no dog rule to accommodate MR. BRAVO's disability is discriminatory and unlawful.

47.     Defendants' actions and conduct constitute a conscious and reckless disregard for MR. BRAVO's rights and show total indifference to MR. BRAVO's disability.

48.     Through Defendants' conduct and acts described above, it violated 42 U.S.C. § 3604(f)(3)(B) of the FHA, and § 760.23(9)(b) of the FFHA by refusing to make reasonable accommodations in its rules, policies, practices, or services when such accommodations are necessary to afford MR. BRAVO an equal opportunity to use and enjoy his dwelling.

49.     The discriminatory conduct of Defendants was intentional, willful, and taken in total disregard for Plaintiff's rights.

50.     As a direct and proximate result of Defendants failure to accommodate, MR. BRAVO has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiff, MIGUEL BRAVO, demands judgment against Defendants for violating the Fair Housing Amendments Act and the Florida Hair Housing Act by discriminating against a person with a disability, and to award Plaintiff compensatory and punitive damages and his attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

**COUNT II**
**ILLEGAL INTIMIDATION AGAINST DEFENDANTS**

51.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-33 as if fully set forth herein.

52.     After MR. BRAVO requested accommodation, Defendants threatened to sue "and/or" initiate an administrative proceeding against his and force him to pay the Defendants' attorneys' fees if she did not remove his Service Animal from his home.

53.     Defendants, through their conduct and action described above, violated 42 U.S.C. § 3617 of the FHA and §760.37 of the FFHA by coercing, intimidating, threatening, or interfering with MR. BRAVO in the exercise and enjoyment of his fair housing rights.

54.     The discriminatory conduct of Defendants was intentional, willful, and taken in disregard for Plaintiff's rights.

55.     As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiff MIGUEL BRAVO demands judgment against Defendants and declaring that the actions of Defendants violated the Fair Housing Amendments Act and the Florida Fair Housing Act by discriminating against a person with a disability, and to award Plaintiff compensatory and punitive damages and his attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

### COUNT III
### CLAIM FOR MAKING A DWELLING UNAVAILABLE BASED UPON DISABILITY AGAINST DEFENDANTS

56.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-33 as if fully set forth herein.

57.     MR. BRAVO requires the ability to live with his Service Animal to have the same opportunity to enjoy his condominium in the EDEN ISLES community as any non-disabled resident.

58.     Defendants, knowing of MR. BRAVO'S disability-related need to live with his Service Animal, nonetheless threatened to sue him to force removal of his Service Animal against MR. BRAVO essentially forcing him to choose between his Service Animal and his home.

59. The foregoing conduct and acts of Defendants constitute discrimination against a person in violation of 42 U.S.C. § 3604(f)(1)(A), FHA, by making a dwelling unavailable because of a handicap.

60. As a result of Defendants' conduct, MR. BRAVO has suffered damages.

61. The discriminatory conduct and actions of Defendants was intentional, willful, and taken in blatant disregard for Plaintiff's rights.

**WHEREFORE**, Plaintiff MIGUEL BRAVO demands judgment against Defendants and declaring that the actions of Defendants violated the Fair Housing Amendments Act and the Florida Fair Housing Act by discriminating against a person with a disability, and to award Plaintiff compensatory and punitive damages and his attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 15th day of December, 2023.

Respectfully Submitted,

<u>L. Turner Law P.A.</u>
Lauren Peffer, Esq.
FL. Bar No.121707
85 SE 4th Ave STE 108
Delray Beach, FL 33483
(754) 300-8640
info@lturnerlaw.com

BY:/s/Lauren Peffer
Lauren Peffer, Esquire

Florida Bar No 121707

## Certificate of Service

I HEREBY CERTIFY that on December 15, 2023, a true and correct copy of the forgoing was furnished by electronic mail to Milagros Canals, Esquire, Bryan Law, mily@bryanlawpa.com, Counsel for Respondents.

# Exhibit A

12/12/23, 11:25 AM                                   Detail by Entity Name

DIVISION OF CORPORATIONS



Department of State   /   Division of Corporations   /   Search Records   /   Search by Entity Name   /

# Detail by Entity Name

Florida Not For Profit Corporation
EDEN ISLES CONDOMINIUMS, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | 715708 |
| **FEI/EIN Number** | 59-1282821 |
| **Date Filed** | 12/12/1968 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

16975 NE 35TH AVE.
NORTH MIAMI BEACH, FL 33160

Changed: 06/01/2022

**Mailing Address**

16975 NE 35th Ave
North Miami Beach, FL 33160

Changed: 06/01/2022

**Registered Agent Name & Address**

BASULTO ROBBINS & ASSOCIATES, LLP
14160 NW 77 COURT
SUITE #22
MIAMI LAKES, FL 33016

Name Changed: 02/22/2023

Address Changed: 02/22/2023

**Officer/Director Detail**

**Name & Address**

Title PRESIDENT

VIDAL, JOSE
c/o FPMS
12964 SW 133 COURT
MIAMI, FL 33186

Title VICE PRESIDENT

DAGNELL, NICK
c/o FPMS
12964 SW 133 COURT
MIAMI, FL 33186

Title 2ND VICE PRESIDENT

MANTIONE, JOE JOSEPH
c/o FPMS
12964 SW 133 COURT
MIAMI, FL 33186

Title SECRETARY

FRIEDMAN, DENISE
c/o FPMS
12964 SW 133 Court
MIAMI, FL 33186

Title TREASURER

PEREA, MARTHA O.
c/o FPMS
12964 SW 133 Court
MIAMI, FL 33186

Title DIRECTOR A

SZUBARTOWSKI, NORMA
c/o FPMS
12964 SW 133 Court
MIAMI, FL 33186

Title DIRECTOR B

DIAZ, MARIA CHRISTINA
c/o FPMS
12964 SW 133 Court
MIAMI, FL 33186

Title DIRECTOR D

GARCIA, MARTHA
c/o FPMS
12964 SW 133 Court
MIAMI, FL 33186

Title DIRECTOR F

Detail by Entity Name

RUBIN, MARILYN
c/o FPMS
12964 SW 133 Court
MIAMI, FL 33186

Title DIRECTOR G

KRUKOVER, VLADIMIR
c/o FPMS
12964 SW 133 Court
MIAMI, FL 33186

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2022 | 04/12/2022 |
| 2022 | 04/28/2022 |
| 2023 | 02/22/2023 |

**Document Images**

| | |
|---|---|
| 02/22/2023 — ANNUAL REPORT | View image in PDF format |
| 06/01/2022 — AMENDED ANNUAL REPORT | View image in PDF format |
| 04/28/2022 — AMENDED ANNUAL REPORT | View image in PDF format |
| 04/12/2022 — ANNUAL REPORT | View image in PDF format |
| 10/12/2021 — AMENDED ANNUAL REPORT | View image in PDF format |
| 08/02/2021 — AMENDED ANNUAL REPORT | View image in PDF format |
| 04/20/2021 — ANNUAL REPORT | View image in PDF format |
| 03/05/2020 — ANNUAL REPORT | View image in PDF format |
| 04/25/2019 — ANNUAL REPORT | View image in PDF format |
| 11/08/2018 — Reg. Agent Change | View image in PDF format |
| 10/23/2018 — AMENDED ANNUAL REPORT | View image in PDF format |
| 04/29/2018 — ANNUAL REPORT | View image in PDF format |
| 04/28/2017 — ANNUAL REPORT | View image in PDF format |
| 04/28/2016 — ANNUAL REPORT | View image in PDF format |
| 09/11/2015 — AMENDED ANNUAL REPORT | View image in PDF format |
| 07/07/2015 — AMENDED ANNUAL REPORT | View image in PDF format |
| 04/15/2015 — AMENDED ANNUAL REPORT | View image in PDF format |
| 03/04/2015 — ANNUAL REPORT | View image in PDF format |
| 08/25/2014 — Off/Dir Resignation | View image in PDF format |
| 04/25/2014 — AMENDED ANNUAL REPORT | View image in PDF format |
| 02/26/2014 — ANNUAL REPORT | View image in PDF format |
| 02/14/2013 — ANNUAL REPORT | View image in PDF format |
| 02/27/2012 — ANNUAL REPORT | View image in PDF format |
| 02/15/2011 — ANNUAL REPORT | View image in PDF format |
| 09/21/2010 — ANNUAL REPORT | View image in PDF format |
| 04/05/2010 — ANNUAL REPORT | View image in PDF format |
| 02/19/2009 — ANNUAL REPORT | View image in PDF format |
| 03/17/2008 — ANNUAL REPORT | View image in PDF format |

12/12/23, 11:25 AM                                    Detail by Entity Name

| | |
|---|---|
| 01/09/2007 -- ANNUAL REPORT | View image in PDF format |
| 01/30/2006 -- ANNUAL REPORT | View image in PDF format |
| 03/24/2005 -- ANNUAL REPORT | View image in PDF format |
| 02/17/2004 -- ANNUAL REPORT | View image in PDF format |
| 02/28/2003 -- ANNUAL REPORT | View image in PDF format |
| 03/13/2002 -- ANNUAL REPORT | View image in PDF format |
| 04/27/2001 -- ANNUAL REPORT | View image in PDF format |
| 04/22/2000 -- ANNUAL REPORT | View image in PDF format |
| 03/31/1999 -- ANNUAL REPORT | View image in PDF format |
| 04/28/1998 -- ANNUAL REPORT | View image in PDF format |
| 02/28/1997 -- ANNUAL REPORT | View image in PDF format |
| 03/14/1996 -- ANNUAL REPORT | View image in PDF format |
| 03/23/1995 -- ANNUAL REPORT | View image in PDF format |

Florida Department of State, Division of Corporations

Exhibit B

12/12/23, 2:20 PM                                    Detail by Entity Name

DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

# Detail by Entity Name

Florida Profit Corporation
CREAM MANAGEMENT & CONSULTING SERVICES, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P15000066172 |
| **FEI/EIN Number** | 81-1369333 |
| **Date Filed** | 08/05/2015 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | REINSTATEMENT |
| **Event Date Filed** | 10/30/2019 |

**Principal Address**

7431 NW 4th Street
Plantation, FL 33317

Changed: 06/07/2022

**Mailing Address**

7431 NW 4th Street
Plantation, FL 33317

Changed: 06/07/2022

**Registered Agent Name & Address**

Lafaurie, Edgar
7431 NW 4th Street
Plantation, FL 33317

Name Changed: 06/07/2022

Address Changed: 06/07/2022

**Officer/Director Detail**

**Name & Address**

Title P

LAFAURIE, EDGARDO

Detail by Entity Name

7431 NW 4th Street
Plantation, FL 33317

<u>Annual Reports</u>

| Report Year | Filed Date |
| --- | --- |
| 2022 | 04/12/2022 |
| 2023 | 03/21/2023 |
| 2023 | 08/10/2023 |

<u>Document Images</u>

| | |
| --- | --- |
| 08/10/2023 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 03/21/2023 -- ANNUAL REPORT | View image in PDF format |
| 06/07/2022 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 04/12/2022 -- ANNUAL REPORT | View image in PDF format |
| 04/07/2021 -- ANNUAL REPORT | View image in PDF format |
| 01/16/2020 -- ANNUAL REPORT | View image in PDF format |
| 10/30/2019 -- REINSTATEMENT | View image in PDF format |
| 05/25/2018 -- DEBIT MEMO# 027339-A | View image in PDF format |
| 04/30/2018 -- ANNUAL REPORT | View image in PDF format |
| 06/15/2017 -- Amendment | View image in PDF format |
| 04/26/2017 -- ANNUAL REPORT | View image in PDF format |
| 02/08/2016 -- ANNUAL REPORT | View image in PDF format |
| 08/05/2015 -- Domestic Profit | View image in PDF format |

# Exhibit C

Exhibit C



ADDRESS | **OWNER NAME** | SUBDIVISION NAME | FOLIO

**SEARCH:** Owner Name: Miguel Bravo   ✕ | 🔍     Back to Search Results

## PROPERTY INFORMATION ⓘ

**Folio:** 07-2210-011-0090

**Sub-Division:**
EDEN ISLES CONDO PART 2

**Property Address**
3725 NE 169 ST   UNIT: 108

**Owner**
MIGUEL DAVID BRAVO
JOSE MIGUEL BRAVO

**Mailing Address**
PO BOX 350631
MIAMI, FL 33135

**PA Primary Zone**
3000 MULTI-FAMILY - GENERAL

**Primary Land Use**
0407 RESIDENTIAL - TOTAL VALUE : CONDOMINIUM - RESIDENTIAL

| | |
|---|---|
| **Beds / Baths /Half** | 1 / 1 / 0 |
| **Floors** | 0 |
| **Living Units** | 1 |
| **Actual Area** | |
| **Living Area** | 812 Sq.Ft |
| **Adjusted Area** | 812 Sq.Ft |
| **Lot Size** | 0 Sq.Ft |
| **Year Built** | 1970 |



2023 Aerial Photography
60 ft

**Featured Online Tools**

| | | |
|---|---|---|
| Comparable Sales | Glossary | PA Additional Online Tools |
| Property Record Cards | Property Search Help | Property Taxes |
| Report Discrepancies | Report Homestead Fraud | Special Taxing Districts and Other Non-Ad valorem Assessments |
| | | |
| Tax Comparison | Tax Estimator | TRIM Notice |
| Value Adjustment Board | Tax Visualizer | |

## ASSESSMENT INFORMATION ⓘ

| Year | 2023 | 2022 | 2021 |
|---|---|---|---|
| Land Value | $0 | $0 | $0 |
| Building Value | $0 | $0 | $0 |
| Extra Feature Value | $0 | $0 | $0 |

| | 2023 | 2022 | 2021 |
|---|---|---|---|
| **Market Value** | $142,500 | $118,750 | $95,000 |
| **Assessed Value** | $114,950 | $104,500 | $95,000 |

## TAXABLE VALUE INFORMATION ⓘ

| Year | 2023 | 2022 | 2021 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $114,950 | $104,500 | $95,000 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $142,500 | $118,750 | $95,000 |
| **CITY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $114,950 | $104,500 | $95,000 |
| **REGIONAL** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $114,950 | $104,500 | $95,000 |

## BENEFITS INFORMATION ⓘ

| Benefit | Type | 2023 | 2022 | 2021 |
|---|---|---|---|---|
| Non-Homestead Cap | Assessment Reduction | $27,550 | $14,250 | |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

## FULL LEGAL DESCRIPTION ⓘ

EDEN ISLES CONDO PART 2

UNIT 108 FIRST FLOOR

UNDIV 1.63% INT IN COMMON

ELEMENTS CLERKS FILE 70R-60987

OR 20613-1528 0802 1

## SALES INFORMATION ⓘ

| Previous Sale | Price | OR Book-Page | Qualification Description | Previous Owner 1 |
|---|---|---|---|---|
| 01/10/2020 | $100 | 31798-3942 | Trustees in bankruptcy, executors or guardians | JOSE M BRAVO AKA JOSE MIGUEL BRAVO EST OF |
| 05/28/2019 | $0 | 31798-3939 | Corrective, tax or QCD; min consideration | JOSE M BRAVO AKA JOSE MIGUEL BRAVO EST OF |
| 08/01/2002 | $67,000 | 20613-1528 | Sales which are qualified | |
| 11/01/1996 | $0 | 17484-1998 | Sales which are disqualified as a result of examination of the deed | |

For more information about the Department of Revenue's Sales Qualification Codes.

## ADDITIONAL INFORMATION

\* The information listed below is not derived from the Property Appraiser's Office records. It is provided for convenience and is derived from other government agencies.

LAND USE AND RESTRICTIONS

| | | | |
|---|---|---|---|
| **Community Development District:** | NONE | **Community Redevelopment Area:** | NONE |
| **Empowerment Zone:** | NONE | **Enterprise Zone:** | NONE |
| **Urban Development:** | INSIDE URBAN DEVELOPMENT BOUNDARY | **Zoning Code:** | RM-19-MULTI-FAMILY |
| **Existing Land Use:** | 35-Multi-Family, High Density (Over 25 DU/Gross Acre). | Government Agencies and Community Services | |

**OTHER GOVERNMENTAL JURISDICTIONS**

| | | | |
|---|---|---|---|
| Business Incentives | Childrens Trust | City of North Miami Beach | Environmental Considerations |
| Florida Inland Navigation District | Septic - Well: Property List (MDC) | Septic - Well: Septic GIS Points (DOH) | Septic - Well: Well GIS Points (DOH) |
| PA Bulletin Board | Special Taxing District and Other Non-Ad valorem Assessment | School Board | South Florida Water Mgmt District |
| Tax Collector | | | |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

For inquiries and suggestions email us at http://www.miamidade.gov/PAPortal/ContactForm/ContactFormMain.aspx.

Version: 2.1.0

**EXEMPTIONS & BENEFITS**

Deployed Military

Disability Exemptions

Homestead

Institutional

Senior Citizens

More >

**REAL ESTATE**

Building Recertification

Appealing Your Assessment

Defective Drywall

Folio Numbers

Mortgage Fraud

More >

## TANGIBLE PERSONAL PROPERTY

Appealing your Assessment

Assessment Information Search

Exemptions

Extension Requests

Filing Returns

More >

## PUBLIC RECORDS

Address Blocking

Change of Name

Change of Address

Change of Ownership & Title

Declaration of Condominium

More >

## ONLINE TOOLS

Property Search

Property Sales

Tax Estimator

Tax Comparison

Homestead Exemption and Portability

More >

**TAX ROLL ADMINISTRATION**

Appealing your Assessment

Reports

More >

Home | Privacy Statement | Disclaimer | About Us | ADA Notice | Contact Us

©2023 Miami-Dade County. All rights reserved.

# Composite Exhibit D

Composite Exhibit D



**Reflections of Mental Health Inc.**
Vickki-Ann Samuel, MD
18425 Nw 2ⁿᵈ Ave St Suite 404B
Miami Gardens, FL 33169
Phone (305) 549-8100 Fax (786) 565-3015

June 23, 2021

RE: Miguel Bravo

To Whom It May Concern:

Migue Bravo is my patient and has been under my care since April 2016. I am intimately familiar with his history and with the functional limitations imposed by his Generalized Anxiety Disorder and Schizoaffective Disorder, Depressive Type. He meets the definition of disability unde the American with Disabilities Act, the Fair Housing Act and the Rehabilitation Act of 1973.

Due to this emotional disability, Miguel has certain limitations coping with what would otherwise be considered normal, but significant day to day situations. In order to help alleviate these challenges and to enhance his day to day functionality, and to enhance his ability to live independently and to fully use and enjoy the dwelling unit you own and/or administer. I support Miguel's decision to obtain a service animal. The presence of this animal is necessary for the emotional and mental health of Mr. Bravo because its presence will mitigate his disability and improve independence and quality of life

I am licensed by the state of Florida to practice psychiatry. My license number is ME109266

Cordially,

Vickki-ann Samuel, MD

ı

### Nicole Mateo, LMHC
18851 NE 29th Ave., Suite 700
Aventura, FL 33180
Phone: (954) 246-0024
Fax: (307) 333-0535
NicoleMateoLPC@gmail.com

August 21, 2018

To Whom It May Concern:

I am a licensed mental health professional who is currently helping Miguel Bravo for his emotional/ mental health condition, and I am familiar with the functional limitations that are imposed by this illness. He has a disorder for which an emotional support animal (ESA) will

help provide him with the relief that traditional medication cannot. Due to these complications, I strongly believe that having an ESA living with him is the most effective treatment to help keep him calm and to avoid any escalating situations that could cause further complications to his well-being.

Due to this emotional disability, Miguel Bravo has a particular medical condition that qualifies him to have an emotional support animal under the Air Carrier Access Act. In order to help alleviate these difficulties and to enhance his ability to function independently, I have prescribed him to have 1 dog for emotional support. The presence of this animal is necessary for his emotional/ mental health, because its presence will help mitigate the symptoms he experiences. He is aware that he is 100% responsible for the training, safety, cleanliness, health, and conduct of the animal at all times. He is also aware that he is 100% liable should there be any damage or injuries caused by his emotional support animal.

After review of the circumstance and conditions of Miguel Bravo, I am currently helping to treat him for a mental and emotional disability recognized in the Diagnostic and Statistical Manual of Mental Disorders - Fifth Edition (DSM V). It is in my professional opinion that he needs the emotional support animal as an accommodation for air travel and for activity at his destination. I am his licensed treating professional and have been issued a mental health counselor license, license number MH13643, by the State of Florida on August 24, 2015. In accordance with the Air Carrier Access Act (49 U.S.C. 41705 and 14 C.F.R. 382), an emotional support animal is required to accompany him in the cabin of the aircraft for the reasons stated herein.

Sincerely,

Nicole Mateo, LMHC, LPC, CPCS

License: MH13643 (FL) | Issued: 8-24-2015

**MENTAL HEALTH | COUNSELOR**